462 March 5, 2025 No. 188

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

R. R. T.,
*Petitioner-Appellant,*

*v.*

ROBERT KIM REED,
*Respondent-Respondent.*

Deschutes County Circuit Court
23PO07487; A181867

Raymond D. Crutchley, Judge.

Argued and submitted January 22, 2025.

Ronald Ray Thompson argued the cause and filed the briefs pro se.

Mark G. Reinecke argued the cause for respondent. Also on the brief was Bryant Lovlien & Jarvis P.C.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Petitioner appeals from an order denying his petition for a restraining order, which he sought under the Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA). ORS 124.005 - 124.040. EPPDAPA requires a petitioner to show, among other facts, that the responding party has engaged in abuse of the petitioner. ORS 124.010. The trial court concluded that petitioner had failed to make that showing. We begin by accepting the trial court's factual findings that are supported by any evidence in the record, including, in the absence of express findings, facts that we presume the court found consistent with its judgment. *A. K. F. v. Burdette*, 310 Or App 49, 51, 484 P3d 362 (2021). We review the trial court's legal conclusions for errors of law and affirm. *Id.*

Petitioner and respondent are neighbors. In his petition for the restraining order, petitioner alleged that "on a daily basis *** members of [respondent's] family undertake *** malicious actions every time we come and go to my own home," that he has "near daily phone video of direct threats and confrontations," and that the "situation escalates daily."

At the hearing on his petition, petitioner testified that "[t]here are ongoing civil litigation matters" and that respondent's family "has made efforts to take over the easement to our property *** and the issue here is the controlling of a gate that is on my easement." Petitioner also testified that respondent "won't leave the gate at the end of our road alone, causing everyone, including me *** to get in and out of a car any time I want to go someplace and come home *** and they know that this causes pain in my right leg."

The trial court asked petitioner to explain "what it is that [respondent has] specifically done to constitute abuse[.]" Petitioner said that he and his wife "are directly confronted daily when we come and go" and that respondent "will come out on an ATV and confront us on our road." Petitioner testified that a few days prior to the hearing, respondent "came on an ATV and literally drove right up to the front of my car where I couldn't go anywhere."

The court denied the petition. The court found that petitioner is an elderly person or person with a disability but

that petitioner had failed to prove that respondent abused petitioner within the past 180 days or that petitioner was in immediate and present danger of further abuse.

Petitioner assigns error to that ruling, arguing that: (1) the evidence required the court to grant a protective order; (2) petitioner was denied an opportunity to provide evidence to the court; and (3) the trial court judge should have been recused because of a "history of prejudicial actions against [petitioner]."[1] We begin with his second and third arguments. As to his second argument, nothing in the record demonstrates that the trial court denied petitioner an opportunity to present evidence at the hearing. As to his third argument, that argument is not preserved and therefore we do not address it. ORAP 5.45(1).

We turn to petitioner's remaining argument challenging the denial of the petition for a protective order. As noted, under the EPPDAPA, petitioner has the burden of proving that he was "abused" by respondent and that he is in immediate and present danger of further abuse. ORS 124.010(1), (2). The statute describes many types of "abuse" that will support the issuance of a restraining order, including physical injury or harm, "[w]illful infliction of physical pain," use of harassment or intimidation "of such nature as to threaten significant physical or emotional harm," and wrongfully taking or appropriating money or property or threatening to do so. ORS 124.005(1).

As described above, the evidence that petitioner presented to support his allegations of abuse was that, because of respondent's actions with a gate, petitioner has to get in and out of his car, causing pain in petitioner's leg, and that respondent drove up to the front of petitioner's car on an ATV, which prevented petitioner from going anywhere. Assuming, for current purposes, that the court credited all of petitioner's testimony, we conclude that the trial court did not err in finding that respondent did not abuse petitioner within the meaning of EPPDAPA.

Affirmed.

---

[1] The trial court had heard other civil matters involving the parties.